IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAINT JUSTE MARCELLUS, | No. 05cv301 |
| Petitioner | (Judge Jones) |
| v. | |
| | (Magistrate Judge Blewitt) |
| BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT, | |
| Respondents. | |

**MEMORANDUM AND ORDER**

July 11, 2005

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On February 10, 2005, Petitioner Saint Juste Marcellus ("Petitioner" or "Marcellus"), an inmate at the York County Prison at York, Pennsylvania, filed a Petition for Writ of Habeas Corpus ("the Petition") pursuant to 28 U.S.C. § 2241. (See Rec. Doc. 1; see also Rep. & Rec. at 1).[1]

This case was referred to Magistrate Judge Thomas M. Blewitt for preliminary review. On March 21, 2005, Respondent filed a response to the Petition with attached exhibits, to which no reply brief was filed. (See Rec. Doc.

---

[1] We note that on March 3, 2005, the Court stayed Petitioner's deportation pending a decision on the Petition. (See Rec. Doc. 8).

1

10). On June 3, 2005, when this case was pending, Respondent filed a Motion to Transfer Petitioner's Habeas Petition to the Eleventh Circuit Court of Appeals pursuant to the Real ID Act of 2005, Pub.L.No. 109-13, with a brief in support thereof. (See Rec. Docs. 11-12). On June 9, 2005, Magistrate Judge Blewitt issued a report recommending that the Court grant Respondent's Motion to Transfer Petition pursuant to the Real ID Act as the Petition only challenges his final order of removal.[2] (See Rep. & Rec. at 6).

Objections to the Magistrate Judge's Report were due on June 27, 2005 and to date none have been filed. This matter is now ripe for disposition.

**STANDARD OF REVIEW**:

When no objections are made to a magistrate's report, the district court is not statutorily required to review a magistrate judge's report before accepting it. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). When a district court accepts a magistrate judge's report, the report

---

[2] The Magistrate Judge stated that since his recommendation that the Petition be transferred to the Eleventh Circuit Court of Appeals was based on jurisdictional grounds, the report was issued notwithstanding the lack of Petitioner's response to Respondent's Motion to Transfer. (See Rep. & Rec. at 2, n.2). "We also find no prejudice to Petitioner since his petition will not be dismissed, but only be transferred to the proper forum." Id.

2

becomes the judgment of the court. Id.

**DISCUSSION:**

Our review of this case confirms Magistrate Judge Blewitt's determinations and well-reasoned analysis, and while we have not been presented with any reason to revisit them, we do reiterate the salient aspects of the Magistrate Judge's report.

The Real ID Act was signed into law on May 11, 2005. Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief 2005, Pub.L.No. 109-13 (May 11, 2005)("Real ID Act"). Section 106 of the Real ID Act amends section 242 of the Immigration and Nationality Act (INA) so as to strip this Court of jurisdiction to hear habeas corpus petitions that challenge final orders of removal. Real ID Act, § 106(a)(1) (adding INA § 242 (a)(5) (to be codified at 8 U.S.C. § 1252(a)(5)). Additionally, the proper venue for a petition for review is the court of appeals for the judicial circuit in which the immigration judge completed the petitioner's proceedings. 8 U.S.C. § 1252(b)(2); see Soyemi v. Chertoff, No. 05-mc-145 (M.D. Pa. May 26, 2005)(J. McClure).

We are in agreement with the Magistrate Judge that insofar as Petitioner only challenges his removal order, claiming that he has new evidence to present to the immigration court with respect to a Convention Against Torture ("CAT") claim and for asylum relief, this Court no longer has jurisdiction over this claim

under the Real ID Act.[3] Since the Immigration Judge ("IJ") signed Petitioner's removal order in Florida, the appropriate appeals court to which to transfer this case is the Eleventh Circuit.

Our review of this case confirms Magistrate Judge Blewitt's determinations and we have not been presented with any reason to revisit them. Because we find no error in Magistrate Judge Blewitt's Report and Recommendation and because no objections have been filed, we will adopt it as our own for the reasons cited herein.

---

[3] As the Magistrate Judge explained, the <u>Soyemi</u> Court stated the following with respect to a CAT claim:

> Since it appears that the BIA denied petitioner's withholding of removal under CAT, we note that the Real ID Act also provides that 'a petition for review filed with an appropriate court of appeals...shall be the sole and exclusive means for judicial review of any cause or claim under the United National Convention Against Torture...' Real ID Act, § 106(a)(1) (adding INA § 242(a)(4) (to be codified at 8 U.S.C. § 1252(a)(4))).

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Magistrate Judge Blewitt's Report and Recommendation (doc. 13) is adopted in its entirety.

2. Petitioner's case is transferred to the Eleventh Circuit Court of Appeals pursuant to the Real ID Act.

3. Both parties shall make all future filings with the Eleventh Circuit Court of Appeals.

4. The Clerk is directed to close the file on this case.

John E. Jones III
United States District Judge